IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK CONNALLY,

     Petitioner,                    No. CIV S-05-1684 MCD DAD P

    vs.

THOMAS L. CAREY, Warden,

     Respondent.                <u>ORDER</u>

_____/

         Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges former California Governor Gray Davis's reversal of the October 11, 2002 decision by the California Board of Parole Hearings finding petitioner suitable for parole. On August 24, 2010, petitioner filed a document entitled "status report; notice," in which he informed this court that on August 17, 2010, he was released on parole pursuant to an order of the California Superior Court granting him habeas relief. In his status report, counsel for petitioner argues that petitioner's release on parole does not render the instant petition moot and requests that this court order the respondent to discharge him from parole within thirty days unless the Board determines there is good cause to retain him on parole.

/////

1

1    Good cause appearing, respondent will be ordered to file a response to petitioner's
2 arguments in this regard.  In order to focus the further briefing on the issue of mootness in this
3 context, the court asks counsel to consider the following.  Petitioner's apparent release from
4 custody raises a question as to whether this habeas action has been rendered moot.  See Cantrell
5 v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) (a case loses its quality as a "present,
6 live controversy" and becomes moot when there can be no effective relief).
7    In McQuillon v. Duncan, 306 F.3d 895, 912 (9th Cir. 2002) ("McQuillon I"), the
8 court determined that the appropriate remedy to be granted to a state prisoner whose parole date
9 had been rescinded in violation of due process was immediate release.  In that case there had
10 been at least a three-year delay between the constitutional injury, i.e. the illegal restraint, and the
11 grant of habeas relief.  McQuillon v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) ("McQuillon
12 II").  Thus, in response to the California Attorney General's later assertion that the appropriate
13 relief was instead release to a state-mandated three-year period of parole, the Ninth Circuit
14 explained:

> This argument overlooks the fact that if McQuillon had been released on the date to which he was entitled, he would have been released in May 1994.  The three-year parole, which he would have been required to serve if he had been released on time, has long since expired.

18 McQuillon II, 342 F.3d at 1015.  Therefore, under the decisions in McQuillon I and McQuillon
19 II, it appeared that in such cases the available federal habeas relief extended not only to
20 addressing imprisonment, but also to addressing restrictions on liberty imposed as a condition of
21 release on parole.  Id.; see also Martin v. Marshall, 448 F. Supp.2d 1143, 1145 (N.D. Cal. 2006)
22 (concluding that the additional time petitioner was required to serve in prison should be deducted
23 from his parole period); Thompson v. Carey, No. CIV. S-05-1708 GEB EFB P, 2009 WL
24 1212202, at *5 (E.D. Cal. May 5, 2009) ("[T]his court finds that petitioner is entitled to be placed
25 in the position he would have been in had he been released on time."); Carlin v. Wong, No. C 06-
26 4145 SI, 2008 WL 3183163, at *2 (N.D. Cal. Aug. 4, 2008) ("Here, petitioner is entitled to credit

against his parole period for his time in confinement that was in violation of his due process rights. Had respondent not violated petitioner's due process rights by denying parole on December 15, 2003, petitioner would have been released when the parole suitability determination became final after the 150 day review period."); Bush v. Solis, No. C04-1823 MHP, 2004 WL 2600141, at *2 (N.D. Cal. Nov. 16, 2004) ("This court's power to grant habeas relief includes the ability to . . . change the conditions of his supervised release").

However, the California Supreme Court recently held that under the California Constitution, only the executive branch has the authority to make parole-suitability determinations. In re Prather, 50 Cal. 4th 238, 253 (2010). The court concluded that to avoid infringing on executive branch authority, a proper order granting habeas relief where the "some evidence" requirement was not properly applied should require the Board to "proceed in accordance with due process of law" and not "direct the Board to reach a particular result or consider only a limited category of evidence in making the parole suitability determination." Id. In turn, the Ninth Circuit Court of Appeals has concluded that in light of the duty of the federal courts to enforce liberty interests as they are defined by state law, a federal habeas court may not grant a remedy in excess of that determined to be adequate to address a due process violation under California law by the high court of that state. Haggard v. Curry, 623 F.3d 1035, 1041-43 (9th Cir. 2010).

In light of petitioner's August 17, 2010 release on parole, the question presented is whether there is any remaining remedy that would not be in excess of that determined to be adequate to address the alleged due process violation under California law. See Soza v. Curry, Nos. C 09-2520 MHP (pr), C 10-501 MHP (pr), 2010 WL 4807085, at *2 (N.D. Cal. Nov. 19, 2010) (finding that the decision in Haggard leads to the conclusion that petitioner's release on parole renders moot his federal habeas petitions challenging earlier parole denials on due process grounds); Willis v. Curry, No. C 08-3355 MHP (pr), 2010 WL 4595560, at *2 (N.D. Cal. Nov. 5, 2010) (same).

1    Accordingly, IT IS ORDERED that within twenty-eight days from the date of this
2 order, respondent shall file a response to petitioner's arguments in his status report that his
3 release on parole does not render this action moot and that he should be discharged from parole
4 unless the Board finds good cause to retain him on parole.  Within fourteen days thereafter
5 counsel for petitioner shall file his reply, if any, to the opposition.
6 DATED: December 17, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

11 DAD:8
connally1684.o

4