IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK CONNALLY,

    Petitioner,                    No. CIV S-05-1684 KJM DAD P

    vs.

THOMAS L. CAREY, Warden,

    Respondent.               FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a former state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges former California Governor Gray Davis's March 10, 2003 reversal of the October 11, 2002 decision by the California Board of Parole Hearings (hereinafter "Board") finding petitioner suitable for parole. Petitioner claims that the Governor's action reversing the grant of parole violated his federal constitutional right to due process. The matter has been fully briefed by the parties and is submitted for decision. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.[1]

---

[1] On August 24, 2010, petitioner filed a status report in which he informed the court that he was released from prison on August 17, 2010, pursuant to an order of the California Superior Court. (Doc. No. 18.) Petitioner is subject to parole under California Penal Code § 3000.1, which provides that petitioner's parole term is life but that he shall be released on parole after

1

I. Procedural Background

Petitioner is confined pursuant to a 1988 judgment of conviction entered against him in the Orange County Superior Court following his conviction on a charge of second degree murder. (Doc. No. 1-1 at 21.) Pursuant to that conviction, petitioner was sentenced to fifteen years-to-life in state prison. (Id.)

On October 11, 2002, the Board conducted a parole suitability hearing to determine whether petitioner should be granted a parole date. (Id. at 55.) Petitioner appeared at and participated in this hearing. (Id. at 57, et seq.) At the conclusion of the hearing, the Board panel announced their decision to grant parole to petitioner as well as the reasons for that decision. (Doc. No. 1-2 at 53-59.) However, on March 10, 2003, the Governor reversed the Board's decision. (Id. at 65-67.)

Petitioner challenged the Governor's reversal of the grant of parole in a petition for writ of habeas corpus filed in the Orange County Superior Court, which was denied in a reasoned decision on the merits of petitioner's claims. (Resp't's Lod. Doc. 5.) Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal for the Fourth Appellate District. (Resp't's Lod. Doc. 6.) That petition was summarily denied by order dated January 6, 2005. (Resp't's Lod. Doc. 7.) Petitioner then filed a petition for review in the California Supreme Court, which was summarily denied by order dated March 30, 2005. (Resp't's Lod. Docs. 8, 9.)

/////

---

five years unless the Board, for good cause, determines that he should be retained on parole. (Id. at 2) (citing Cal. Penal Code § 3000.1(b)). Petitioner argues in the status report that his release on parole does not render the instant petition moot because "still at issue is his request for credit against his parole term for the period of his excessive imprisonment." Id. at 1. Pursuant to an order of this court, respondent filed a response to this argument in which he argues that petitioner's release from custody on parole renders this federal habeas action moot. In light of recent United States Supreme Court authority which has a significant impact on petitioner's federal due process challenge to the Governor's reversal of the Board's decision to grant parole, this court will bypass the issue of mootness and address petitioner's due process claim on the merits.

2

Petitioner filed his federal habeas petition in the United States District Court for the Central District of California on April 19, 2005. The action was transferred to this court on August 12, 2005. Respondent filed an answer on August 22, 2005, and petitioner filed a traverse on October 5, 2005. The action was stayed by order of this court dated June 24, 2009, pending final disposition of Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc).[2] The en banc decision in Hayward was issued by the Ninth Circuit Court of Appeals on April 22, 2010. The stay in this action was lifted on July 9, 2010 and the case was allowed to proceed.

In the petition pending before this court, petitioner claims that the Governor's decision reversing the Board's favorable parole suitability finding deprived him of his liberty without due process of law for several reasons. First, he argues that the grounds asserted by then Governor Davis to deny him a parole date are false, not supported by the evidence, irrelevant to the parole determination process, or purely speculative. (Doc. 1-1, at 38, 42.) Petitioner also challenges the Governor's reliance on prison misconduct that did not result in a disciplinary citation to find him unsuitable for parole. (Id. at 42.) Petitioner also denies that his crime was "heinous," as found by the former Governor. (Id. at 43.) He argues that it was actually the opposite: "a reckless, unpremeditated act committed while intoxicated." (Id.) Petitioner further argues that the record does not support the Governor's finding that he had an "unstable social history." (Id. at 44.) Petitioner notes that there is no evidence he had "unstable or tumultuous relationships with others." (Id.) He argues that his previous arrests and substance abuse history have nothing to do with whether he had a stable social history, and are therefore irrelevant to this factor indicating unsuitability of release on parole. (Id.)

---

[2] As the undersigned noted in findings and recommendation recommending the stay of this action, on October 10, 2007, petitioner had filed another petition for a writ of habeas corpus in this court, challenging a 2005 decision by the Board finding him unsuitable for parole. By order dated November 24, 2008, that petition was transferred to visiting judge Mary M. Schroeder for decision. On April 8, 2009, that action had been stayed pending final disposition of Hayward v. Marshall. Therefore, it was deemed appropriate to stay this action challenging an earlier decision by the Governor to reverse a grant of parole as well.

3

1          Petitioner also challenges the Governor's conclusion that it was "too soon to tell"
2  whether petitioner's gains in the penal setting could be maintained after his release. (Id. at 45.)
3  Petitioner notes that the psychologist who examined him prior to his 2002 parole hearing opined
4  that he posed a "negligible danger to others if released." (Id.) Petitioner also challenges the
5  Governor's reliance on the fact that a Deputy District Attorney attended petitioner's parole
6  hearing to oppose his parole, and that the Police Department also opposed parole at petitioner's
7  previous suitability hearing. (Id.) Petitioner argues that these facts do not have any bearing on
8  whether he would pose a danger to society if released. (Id.)

9          Finally, petitioner argues that: (1) the Board's repeated use of his offense of
10 commitment to find him unsuitable for parole, especially where, as here, the crime was not
11 particularly egregious, violates due process and essentially transforms his sentence into one of
12 life without the possibility of parole; (2) the mere recitation of the commitment offense and its
13 circumstances, without articulating a nexus between those factors and petitioner's current
14 dangerousness, is violative of due process because it is "arbitrary in the extreme;" (3) the
15 Governor's decision violated due process because it was not based on the Governor's
16 "individualized consideration" of the facts of petitioner's case but was simply the same
17 boilerplate denial issued in all second degree murder cases; and (4) pursuant to the decision in
18 Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), the Governor's use of the unchanging factor of
19 petitioner's crime of conviction to deny him a parole date violated his right to due process. (Id.
20 at 46-50.) In essence, through each of these arguments petitioner is claiming that the Governor's
21 2003 reversal of the Board's 2002 decision to grant him parole violated his right to due process
22 because it was not supported by "some evidence" that he posed a current danger to society if
23 released from prison, as required under California law.
24 II. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

25         The Due Process Clause of the Fourteenth Amendment prohibits state action that
26 deprives a person of life, liberty, or property without due process of law. A litigant alleging a

4

1 due process violation must first demonstrate that he was deprived of a liberty or property interest
2 protected by the Due Process Clause and then show that the procedures attendant upon the
3 deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson,
4 490 U.S. 454, 459-60 (1989).

5      A protected liberty interest may arise from either the Due Process Clause of the
6 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
7 expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,
8 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States
9 Constitution does not, of its own force, create a protected liberty interest in a parole date, even
10 one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of
11 Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
12 person to be conditionally released before the expiration of a valid sentence."). However, a
13 state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
14 will be granted" when or unless certain designated findings are made, and thereby gives rise to a
15 constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

16      California's parole scheme gives rise to a liberty interest in parole protected by the
17 federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
18 Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
19 Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
20 this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz,
21 ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not
22 disturb our precedent that California law creates a liberty interest in parole.") In California, a
23 prisoner is entitled to release on parole unless there is "some evidence" of his or her current
24 dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29
25 Cal.4th 616, 651-53 (2002).
26 /////

1      In <u>Swarthout</u>, the Supreme Court reviewed two cases in which California
2 prisoners were denied parole - in one case by the Board, and in the other by the Governor after
3 the Board had granted parole. <u>Swarthout</u>, 131 S. Ct. at 860-61. The Supreme Court noted that
4 when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
5 requires fair procedures, "and federal courts will review the application of those constitutionally
6 required procedures." <u>Id.</u> at 862. The Court concluded that in the parole context, however, "the
7 procedures required are minimal" and that the "Constitution does not require more" than "an
8 opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
9 <u>Id.</u> (citing <u>Greenholtz</u>, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit
10 decisions that went beyond these minimal procedural requirements and "reviewed the state
11 courts' decisions on the merits and concluded that they had unreasonably determined the facts in
12 light of the evidence." <u>Swarthout</u>, 131 S. Ct. at 862. In particular, the Supreme Court rejected
13 the application of the "some evidence" standard to parole decisions by the California courts as a
14 component of the federal due process standard. <u>Id.</u> at 862-63.[3] <u>See also</u> <u>Pearson</u>, 2011 WL
15 1238007, at *4.

16 III.   <u>Petitioner's Due Process Claim</u>

17      As described above, petitioner seeks federal habeas relief on the grounds that the
18 Governor's 2003 reversal of the Board's 2002 decision to grant him parole, and the findings
19 upon which that reversal was based, were not supported by "some evidence" as required under
20 California law. However, under the Supreme Court's decision in <u>Swarthout</u> this court may not
21 review whether California's "some evidence" standard was correctly applied in petitioner's case.

---

[3] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985), that bore some indicia of reliability. <u>See</u> <u>Jancsek v. Oregon Bd. of Parole</u>, 833 F.2d 1389, 1390 (9th Cir. 1987); <u>McQuillion v. Duncan</u>, 306 F.3d 895, 904 (9th Cir. 2002) ("In <u>Jancsek</u> . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in <u>Superintendent v. Hill</u> . . . .")

131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 2011 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

        The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2002 parole suitability hearing at which he was granted parole by the Board panel. (Doc. No. 1-1 at 57.) As noted above, the record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons for the Board's suitability decision. Petitioner then received a document from the Governor's office which explained the reasons for the Governor's reversal of the Board's 2002 decision. (Doc. 1-2 at 65-67.) That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3; Pearson, 2011 WL 1238007, at *3. This is true even though petitioner is challenging the Governor's reversal of the Board panel's decision to grant parole, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61. It now plainly appears that

/////

1 petitioner is not entitled to relief with respect to his due process claims.  Therefore, the pending
2 petition should be denied.

3 IV.  Conclusion

4     Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
5 a writ of habeas corpus be denied.

6     These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
8 one days after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within fourteen days after service of the objections.  Failure to file
12 objections within the specified time may waive the right to appeal the District Court's order.
13 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
14 1991).

15     In any objections he elects to file, petitioner may address whether a certificate of
16 appealability should issue in the event he files an appeal of the judgment in this case.  See Rule
17 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a
18 certificate of appealability when it enters a final order adverse to the applicant); Hayward v.
19 Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of
20 appealability to review the denial of a habeas petition challenging an administrative decision
21 such as the denial of parole by the parole board), abrogated on other grounds in Swarthout v.
22 Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

23 DATED: June 3, 2011.

DAD:8:
connally1684.hc

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE